UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| PETER LOVELAND, Individually and on Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br>  v.<br><br>I.C. SYSTEM, INC.,<br><br>           Defendant. | Case No.: 17-cv-1054<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Peter Loveland is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect debts from him allegedly incurred for personal, family or household purposes.

5. Defendant I.C. System, Inc. ("ICS") is a foreign corporation with its principal place of business located at 444 Highway 96 East, St. Paul, Minnesota 55164-0444.

6. ICS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. ICS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. ICS is a "debt collector" as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

**FACTS**

8. On or about October 21, 2016, ICS mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "DIRECTV." A copy of this letter is attached as Exhibit A.

9. Upon information and belief, the alleged debt in Exhibit A was a personal television services account, incurred for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A lists a "BALANCE DUE" of $379.28.

12. Exhibit A also includes the following text:

To help you resolve this delinquent account, our office will accept a reduced payment amount of $246.53 to settle your account in full.

…

This settlement offer is valid for the balance shown on your account(s) as of the date of this letter. Any additional balances added after this date are not included.

13. The language in the preceding paragraph is inherently confusing and ambiguous. It could have any number of meanings, including meaning that the consumer's account would not actually be settled if an additional amount, such as a small amount of interest, is added to the balance between the time the letter is sent and the time a settlement payment is received.

14. The unsophisticated consumer would be confused by the language in Exhibit A.

15. Exhibit A also contains the following text:

> You may take advantage of this settlement offer today by calling 888-474-8322 in order to make arrangements to accept this offer.

Exhibit A.

16. The statement in Exhibit A: "You may take advantage of this settlement offer today by calling [ICS] in order to make arrangements to accept this offer," is confusing and misleading to the unsophisticated consumer. Such broad, open-ended language is inherently confusing to the consumer and an unfair collection practice.

17. The consumer has no way to know from Exhibit A whether ICS and/or DIRECTV would treat a payment of the purported "settlement" amount as an actual settlement (i.e. releasing Plaintiff from any remaining liability) of the alleged debt.

18. ICS's language leaves open the possibility that the consumer will make a payment at the offered 65% settlement amount (i.e. 35% off), only to be informed that the offer has since expired and ICS will continue to collect on the remaining balance.

19. The consequences of misleading a consumer with respect to settling a debt are much greater than misleading about the amount of the debt. *See eg. Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). ICS could continue to collect the remaining balance – 25% – of the alleged debt.

20. ICS's misrepresentations are material misrepresentations because they mislead the unsophisticated consumer about the nature of the settlement offer.

21. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

22. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

23. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

3

24. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

25. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

26. Plaintiff was confused by <u>Exhibit A</u>.

27. Plaintiff had to spend time and money investigating <u>Exhibit A</u>, and the consequences of any potential responses to <u>Exhibit A</u>.

28. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

29. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S.

4

App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

30. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## **COUNT I – FDCPA**

31. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

32. The language in Exhibit A, "This settlement offer is valid for the balance shown on your account(s) as of the date of this letter. Any additional balances added after this date are not included," is confusing to the unsophisticated consumer in that it renders unclear whether an increase in the balance would result in the consumer's account not actually being settled.

33. ICS violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

5

## COUNT II – FDCPA

34. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

35. Exhibit A includes an offer that is misleading as to the amount necessary to effectuate the settlement and when the offer may expire.

36. A consumer who mails a payment in the full amount of the "settlement amount" listed on the letter, may not have actually settled the claim if ICS decides, on its own whim, that the offer expired prior to the payment.

37. ICS violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) to whom defendant ICS sent a collection letter in the form of Exhibit A to the Complaint in this Action, (c) seeking to collect one or more debts incurred for personal, family or household services, (d) on or after July 31, 2016, and up to and including July 31, 2017, (e) that was not returned by the postal service.

39. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

40. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

41. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

6

42. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: August 1, 2017

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com